UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

XINIA NOLANINI VARONA MONTERO,
as next friend of ARIEL DIEZ DIAZ,

      Petitioner,

v.                                      Case No. 3:26-cv-50-JEP-LLL

WARDEN, BAKER COUNTY
DETENTION CENTER, et al.,

      Respondents.
_____

## ORDER

This cause is before the Court on a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by Xinia Nolanini Varona Montero, as next friend of Ariel Diez Diaz, a Cuban national who is being detained by Immigration and Customs Enforcement at the Baker County Correctional Institution. (Doc. 1). With the Petition, Montero filed an Emergency Motion for Immediate Release (Doc. 2).

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. The latter part of this provision codifies the common law tradition of permitting a "next friend" to litigate on behalf of a person who, because of incompetence, is unable to initiate a habeas action

himself. *See Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). However, "'[n]ext friend' standing is by no means granted automatically ...." *Id.* at 163. To demonstrate "next friend" status is warranted, the would-be next friend must (1) provide an adequate explanation for the necessity of the designation, such as the real party's mental incompetence or lack of access to the courts and (2) show she is "truly dedicated to the interests" of the real party. *Id.*

Montero does not demonstrate that "next friend" status is appropriate. First, there is no indication Diaz is mentally incompetent or has been denied access to the courts. Montero's conclusory assertion that Diaz cannot "freely access the courts," *see* Doc. 1 at 4, is unsupported. Second, aside from saying that she is Diaz's "partner," *id.*, Montero does not explain the nature of the relationship between the two, nor does Montero demonstrate she is "truly dedicated to the interests" of Diaz.[1]

Because Montero does not demonstrate the propriety of "next friend" status, she lacks standing to initiate this action on Diaz's behalf. *See Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 622 (11th Cir. 2007) ("Absent 'next friend' status, an individual lacks Article III standing to file a petition on another's behalf, thus stripping the district court of jurisdiction to consider the

---

[1] Montero mentions having filed a sworn declaration of next friend status. *See* Doc. 1 at 5; Doc. 2 at 2. No declaration was received.

petition.");[2] *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) ("[W]hen the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition.").

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions as moot, and close the file.

3. If Montero appeals this Order, the Court denies a certificate of appealability.[3] Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

---

[2] Any unpublished opinions are cited as persuasive authority. *See McNamara v. GEICO*, 30 F.4th 1055, 1060–61 (11th Cir. 2022).

[3] The court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Upon consideration of the record as a whole, this Court denies a certificate of appealability.

**DONE AND ORDERED** in Jacksonville, Florida, on January 13, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Jax-6
c:
Xinia Nolanini Varona Montero